Vitaly B. Sigal, Esq. S.B.N. 198623
**SIGAL
LAW GROUP**
15250 Ventura Blvd., Suite PH-1220
Sherman Oaks, CA 91403
Telephone: (818) 325-0570
Facsimile: (818) 325-0571

Attorney for Defendant, JUNWEI JIANG

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | 2:24-cr-00331-AB-2 |
| V. | **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR RECONSIDERATION OF ORDER OF DETENTION; DECLARATION OF VITALY B. SIGAL** |
| YANG SONG, *et al* | |
| JUNWEI JIANG (5) | |

The Defendant JUNWEI JIANG, pursuant *Fed. R. Crim. P. 46*, respectfully submits the following in support of an order setting conditions for release of the Defendant from custody.

1

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR RECONSIDERATION OF
ORDER OF DETENTION; DECLARATION OF VITALY B. SIGAL

## I.    INTRODUCTION

The defendant is charged by way of Indictment (Dkt#1) with Conspiracy pursuant to *18 U.S.C. § 371* and Aggravated Identity Theft under *18 U.S.C. § 1028A,* Wire Fraud under *18 U.S.C. § 1343* and Mail Fraud under *18 U.S.C. § 1341* and conspiracy to traffic in counterfeit goods pursuant to *18 U.S.C. § 2320.* He has pled not guilty to all charges

On May 31, 2024, the defendant made his Initial Appearance before the court. The defendant argued that the government is not entitled to a bond hearing because the case does not fall under one of the categories of cases enumerated buy *18 U.S.C. § 3142(f)*, the court made the determination that the government was entitled to a bond hearing pursuant to *18 U.S.C. § 3142(f)(2)(A)*, finding that the defendant is a serious risk of flight[1].  After hearing argument on the government's request for detention the Magistrate Judge ordered the defendant to be detained without prejudice because of a lack of a third-party surety and because the information in the Pretrial Services Report could not be confirmed.

Since the Initial Appearance, counsel for the defendant has been able to speak with the defendant's husband who has indicated a willingness to act as a surety on his

---

[1] There is no indication that the court also found that the defendant poses a serious risk of obstructing justice pursuant to *18 U.S.C. § 3412(f)(2)(B)*, nor has there been any evidence or argument presented in this regard.

behalf and also to confirm any information that is needed. There are also two additional sureties who are willing to sign a surety bond on the defendant's behalf.

## II.    THE XING DECISION

The defendant hereby incorporates by reference the court's decision in the matter of co-defendant Shuyi Xing and the findings of the court regarding the government's entitlement to a bond hearing (Dkt#66). The defendant posits that he is similarly situated to defendant Xing in regard to the factors under *18 U.S.C. 3142(f)*.

## III.   PROPOSED CONDITIONS OF RELEASE

The defendant, based on the arguments set forth below, proposes a signature bond signed by the defendant himself but subject to supervision by United States Pretrial and Probation Services. In the alternative, should the court requite it, the defendant proposes a $25,000 signature bond signed by proposed surety and defendant's husband Yuxuan "Corey" Wang, Xuan Liu or Fengie Liu.  Mr. Wang is employed as a freelance line worker in the movie and television industry. He is currently in China until June 24, 2024, but can be reached via a Chinese phone number or via email. Additionally, the defendant has secured two additional sureties who are willing to sign on his behalf.  They are Xuan Liu, a United States Citizen who

is employed as a waitress and Fengjie Liu who is a permanent resident and employed as a waitress.

Should the court order the defendant to be released on a third-party surety bond, he respectfully requests an order of release forthwith with a reasonable amount of time to perfect the bond.

## IV.   ARGUMENT

### A.   THE GOVERNMENT HAS NOT DEMONSTRATED BY A PREPONDERANCE OF THE EVIDENCE THAT DEFENDANT POSES A SERIOUS RISK OF FLIGHT

The Bail Reform Act carefully limits the circumstances under which detention may be sought to the most serious crimes. Pursuant to *18 U.S.C. § 3142(f)* a detention hearing available if case involves crime of violence, offenses for which the sentence is life imprisonment or death, serious drug offenders, or certain repeat offenders." *United States v. Salerno*, 481 U.S. 739, 747 (1987).

"The Bail Reform Act narrowly focuses on a particularly acute problem the Act operates only on individuals who have been arrested for a specific category of extremely serious offenses. *18 U.S.C. § 3142(f)*" *Id*. at 750 where detention is based

4

on dangerousness grounds, it can be ordered only in cases involving one of the circumstances set forth in *§ 3142(f)(1) U.S. v. Ploof* (1st Cir. 1988) 851 F.2d 7, 11

It is uniformly accepted, based upon these provisions of the statute and the relevant legislative history, there are only six instances that permit a court to convene a detention hearing:

1. Cases involving crimes of violence.

2. Cases involving a maximum sentence of life imprisonment or death.

3. Cases involving serious drug offenses (those involving maximum sentences of ten years or more).

4. Cases involving recidivist offenders (those with two or more relevant felonies).

5. Cases involving a serious risk of flight; or

6. Cases involving a serious risk that a defendant will obstruct justice.

See e.g., Salerno, 481 U.S. at 747, 107 S.Ct. 2095; *United States v. Himler*, 797 F.2d 160 at 160; *Ploof,*, Id. at 10(1st Cir.1988); *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir.1988); *United States v. Byrd*, 969 F.2d 106, 109 (5th Cir.1992). According to the legislative history to the Act, these discrete predicate categories "in effect serve to limit the types of cases in which detention may be ordered prior to

trial." *S.Rep. No. 98-225, at 20, reprinted in 1984 U.S.Code & Admin. News 3182, 3203*. See also *Himler*, 797 F.2d at 160 ("The legislative history of the [Act] makes clear that to minimize the possibility of a constitutional challenge, the drafters aimed toward a narrowly-drafted statute ... addressed to the danger from 'a small but identifiable group of particularly dangerous defendants.' ") (quoting *S.Rep. No. 98-225, at 6-7, 1984 U.S.Code & Admin. News at 3189*). *U.S. v. Giordano*, (S.D. Fla. 2005) 370 F.Supp.2d 1256, 1260.

"…the risk of flight referenced in the Act is a "serious" risk of flight. "Serious" has a plain meaning. See *Black's Law Dictionary* at 1367 (defining "serious" as "important, weighty, momentous, grave, great") …Taken together…, a "serious risk of flight" under *§ 3142(f)(2)(A)* is a great risk – beyond average – that the defendant will intentionally and actively move within or outside the jurisdiction to avoid court proceedings or supervision. *United States v. Figueroa-Alvarez* (D. Idaho 2023) 681 F.Supp.3d 1131, 1138 (*in relevant part, citations omitted*)

In the case at bar the defendant has been a resident of the United States and the Central District of California since 2010. He is a lawful permanent resident since 2016, married to Yuxuan Wang, is employed as an Uber driver earning approximately $3,000 per month, has resided in the same address for eight years and has very limited foreign travel for the purpose of vacation. He is willing to submit his passport to Pretrial Services and has already submitted a declaration to this effect. Further, he has

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR RECONSIDERATION OF
ORDER OF DETENTION; DECLARATION OF VITALY B. SIGAL

no criminal record beyond the instant case and his only previous contact with the court was for a traffic matter where he appeared as ordered.

There is no evidence, even by a preponderance of the evidence standard, to conclude that the defendant poses any risk of flight, let alone a serious risk as required by *§3142(f)(2)(A)*.

**B.      IF THE COURT WISHES TO CONSIDER THE BOND FACTORS IN ITS REVIEW, THE DEFENDANT SHOULD STILL BE ORDERED RELEASED AS HE IS NEITHER A FLIGHT RISK NOR A DANGER TO THE COMMUNITY**

"In our society liberty is the norm, and detention prior to trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987).

In the Bail Reform Act of 1984, Congress implemented that norm by the passage of *18 U.S.C. § 3142* providing for detention only if the Court finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any person and the community." *18 U.S.C. § 3142(e)(2)*.

Federal law has traditionally provided that a person arrested for a non-capital offense shall be admitted to bail. *USA v. Motamedi*, 767 F.2d 1403 (9th Cir., 1990)

7

(citing *Stack v. Boyle*, 342 U.S. 1, 4 (1951)). Only in rare cases should release be denied. *Id*. (citing *Sellers v. United States*, 89 S.Ct. 36, 38, 21 L.Ed.2d 64. Doubts regarding the propriety of release are to be resolved in favor of defendants. Id. (*Herzog v. United States*, 75 S.Ct. 349 (1955)). U.S. *v. Townsend,* (9th Cir. 1990) 897 F.2d 989, 993–994 (some internal citations omitted)

If the judicial officer determines that the release described in subsection (b) of this section will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer must order the pretrial release of the person subject to the least restrictive further conditions, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community, which may include the person satisfy any condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community. *18 U.S.C. § 3142(c)*.


**C.    APPLYING THE 18 U.S.C. 3142(G) FACTORS TO**

**THE DEFENDANT**

*18 U.S.C. § 3142(g)* sets for the factors to be considered in in determining whether there are conditions of release that will reasonably assure the appearance of the person

as required and the safety of any other person and the community. They are discussed below:

### 1.  The nature and circumstances of the offense charged

The defendant is charged with a series of non-violent crimes involving an alleged scheme to defraud Apple corporation by exchanging and returning counterfeit devices at various Apple stores throughout the district. There is nothing about the charges that would have one conclude that defendant is either a flight risk or a danger to the community.

### 2.  The Weight of The Evidence Against the Person

The Ninth Circuit has held that the weight of the evidence against the defendant is a factor to be considered but it is "the least important" of the various factors. See *United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990), citing U.*S. v. Motamedi* (9th Cir. 1985) 767 F.2d 1403, 1408. To presume risk of flight from strong "evidence" of guilt would be "tantamount to a presumption of guilt." *United States v. Gray*, 651 F. Supp. 432, 436 (W.D. Ark. 1987)

Outside of the allegations against the defendant, the government has not shown any of the evidence that it has for Mr. Jiang. This does not warrant a finding of the need for detention.

3. <u>The History and Characteristics of The Person" Including, Among Other</u>

<u>Factors, Family Ties, Employment, Financial Resources, Past Conduct,</u>

<u>Criminal History, and Whether the Person Was on Release Pending Trial</u>

The defendant, a member of the LGBTQ+ from China who has obtained

permanent resident status. He has established a life for himself in the United States.

As a member of the LGBTQ+ community, he would be subject to the discrimination,

harassment and possible violence in China[2]. Defendant intends to attend all hearings

and work closely with his attorney to aide him in his defense.


4. <u>The Nature and Seriousness of The Danger to Any Person or The Community</u>

<u>That Would Be Posed by the Person's Release</u>

There is no issue as to the defendant's danger to the community. Reviewing all the

facts in their totality, he is no danger in any way to reoffend while out on bond.

Further pursuant to *18 U.S.C. § 3412(c)* a judicial officer, presiding over a bond

hearing must order the pretrial release of the person subject to the least restrictive

further conditions, or combination of conditions, that such judicial officer determines

will reasonably assure the appearance of the person as required and the safety of any

other person and the community.

---

[2] See 2023 Country Reports on Human Rights Practices: China (Includes Hong Kong, Macau, and Tibet).

10

The defendant should be released on his own signature and promise to appear. If, however the court does not feel that this would be sufficient assurance, he is willing and open to abide by the terms the court sets forth as a condition of release.

## V.    CONCLUSION

Even a short stay in jail may have a disrupting effect on the lives of individuals regarding their employment, housing, custody of minor children, and a host of other factors.[3] The defendant's situation exemplifies this in a substantial way.  He has been taken away from his employment and from the life he has managed to establish. The defendant is unlikely to flee and is not a danger to the community, as such he respectfully requests that the court set bond pursuant to the least restrictive conditions.

Dated:        June 11, 2024

SIGAL LAW GROUP

_____
VITALY B. SIGAL, ESQ.
ATTORNEY FOR DEFENDANT

---

[3] *Alexander Holsinger and Kristi Holsinger, Analyzing Bond Supervision Survey Data, The Effects of Pretrial Detention on Self-Reported Outcomes, FEDERAL PROBATION JOURNAL, at 39 (Sept. 2018).*

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR RECONSIDERATION OF
ORDER OF DETENTION; DECLARATION OF VITALY B. SIGAL

## DECLARATION OF VITALY B. SIGAL

I, Vitaly B. Sigal, declare as follows:

1.      I am attorney duly licensed in the State of California and admitted to practice in the Central District of California. My California state bar number is 198623. I am the appointed attorney for defendant, Junwei Jiang. I have personal knowledge of the facts contained in this declaration, except as to this declared under information and belief and as to those matters, I believe them to be true.

2.      After the Initial Appearance hearing on May 31, 2024, I was able to get in contact with the defendant's husband Yuxuan "Corey" Wang. Mr. Wang is currently in China but is able to communicate via a Chinese phone number, email and video conference.

3.      He has indicated a willingness to act as a surety on his husband's behalf and to sign a surety bond in any amount that the court orders. He is also available to confirm any background information to United States Probation and Pretrial Services that is needed for the preparation of a Pretrial Services Report.

4.      Mr. Wang is a lawful permanent resident if the United States who works as a freelance line producer in the movie and television industry. Mr. Wang is currently visiting his family in China but can be available to the court via Zoom at the bond hearing on June 12, 2024. He is able to speak English but would ask for an interpreter during the hearing to avoid miscommunication.

5.      Mr. Wang has also secured two additional sureties for his husband. They are Xuan Liu and Fengjie Liu. Ms. Xuan Liu is a United States Citizen, who is employed as a waitress and Ms. Fengjie Liu is a permanent resident who is employed as a waitress.

6.      On June 11, 2024, I personally spoke to Xuan Liu by telephone who confirmed that she is willing to sign as a surety and plans on attending the bond hearing on June 12, 2024. She also spoke for her aunt Fengjie Liu, who does not speak English and Xuan Liu has confirmed that, while Fengjie Liu is unable to attend court, she is willing to sign a as surety on behalf of defendant.

7.      I have provided this information, as well as contact information for the potential sureties to the United States Probation and Pretrial Services.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:      June 11, 2024

SIGAL LAW GROUP

_____

VITALY B. SIGAL, ESQ.
ATTORNEY FOR DEFENDANT

13